**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

DATACLOUD TECHNOLOGIES, LLC,

           Plaintiff,

    v.

SKYDIO, INC.,

           Defendant.

Civil Action No. 1:26-cv-_____

**JURY TRIAL DEMANDED**

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff DataCloud Technologies, LLC (hereinafter, "Plaintiff" or "DataCloud") files this Complaint for patent infringement against Defendant Skydio, Inc. ("Skydio" or "Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1.     This is a patent infringement action to stop Defendant's infringement of the following United States Patents (collectively, the "Asserted Patents") issued by the United States Patent and Trademark Office ("USPTO"):

| | U.S. Patent No. | Reference |
|---|---|---|
| 1. | 7,246,351 | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7246351 <br> https://patents.google.com/patent/US7246351B2/en?oq=7%2c246%2c351 |
| 2. | 7,398,298 | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7398298 <br> https://patents.google.com/patent/US7398298B2/en?oq=7398298 |
| 3. | 8,607,139 | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/8607139 <br> https://patents.google.com/patent/US8607139B2/en?oq=8%2c607%2c139 |

2.     Plaintiff seeks monetary damages.

**PARTIES**

3.     DataCloud is a limited liability company organized and existing under the laws of

the State of Georgia and maintains its principal place of business at 44 Milton Avenue, Suite 254, Alpharetta, Georgia, 30009 (Fulton County).

4.     Based upon public information, Skydio is a corporation organized under the laws of the State of Delaware.

5.     Based upon public information, Skydio has its principal place of business at 3000 Clearview Way, Building E, San Mateo, California, 94402.

6.     Based upon public information, Skydio may be served through its registered agent, Corporation Service Company, located at 251 Little Falls Drive, Wilmington, Delaware, 19808.

7.     Based upon public information, Skydio may also be served through its registered agents, CSC - Lawyers Incorporating Service, located at 2710 Gateway Oaks Dr., Sacramento, California, 95833.

## JURISDICTION AND VENUE

8.     Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

9.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

10.     Defendant is subject to this Court's specific and general personal jurisdiction under due process because of its substantial business in this Judicial District, in the State of Delaware, and in the United States, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in this state, in this District, and in the United States.

11.     Specifically, Defendant intends to do and does business in, has committed acts of

infringement in, and continues to commit acts of infringement in this District, in the State of Delaware, and in the United States, directly, through intermediaries, by contributing to and through the inducement of third parties, and offers and sends its products and services, including those accused of infringement here, to customers and potential customers located in this state, including in this District, and in the United States.

12.    More specifically, Defendant directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and services in the United States, the State of Delaware, and in this District.

13.    Based on the foregoing, Defendant has significant ties to, and presence in, the State of Delaware and this District, making venue in this Judicial District both proper and convenient for this action.

14.    Therefore, venue is proper in this District pursuant to 28 U.S.C. §1400(b).

## COUNT I: <u>INFRINGEMENT OF U.S. PATENT NO. 7,246,351</u>

15.    Plaintiff re-alleges and incorporates by reference each of paragraphs 1-15 above as though fully set forth in their entirety.

16.    U.S. Patent No. 7,246,351 (the "'351 patent") was issued on July 17, 2007 after full and fair examination by the USPTO of Application No. 10/081,921 which was filed on February 20, 2002.  The '351 patent is entitled "System And Method For Deploying And Implementing Software Applications Over A Distributed Network."  *See* '351 patent at p.1.  A Certificate of Correction was issued on November 20, 2007.  *See id.,* at p.25.

17.    DataCloud owns all substantial rights, interest, and title in and to the '351 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

18.    DataCloud or its predecessors-in-interest have satisfied all statutory obligations

required to collect pre-filing damages for the full period allowed by law for infringement of the '351 patent.

19.     The written description of the '351 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

20.     The claims of the '351 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.   Rather, the claimed inventions include components that improve the deployment and operation of software applications over TCP/IP networks.

21.     Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '351 patent, either literally or under the doctrine of equivalents, because it shipped, distributed, made, used, imported, offered for sale, sold, and/or advertised the products and services described below in a way that infringes.

22.     For instance, Defendant performed at least claim 14 of the '351 patent by performing a method for storing and running a software module on a user's client device that provided text files containing embedded program logic for the software module to assemble into a functioning application (*e.g.,* a website application) that provided a graphical user interface for receiving and interpreting user inputs to the client device that enables user interaction with the computer program running on the client device.  *See* **Exhibit A**.

23.     Based upon public information, Skydio allowed users to view video content on their mobile devices, which interact with the server.  The video player was associated with the code to

play the video content on the user's device. The video player displayed on the device included options to receive user input and control the video playback using pause and play button. Skydio enabled viewing video content on user's devices. A software module such as the Skydio website, ran on the mobile device and connected to the Skydio server to fetch program logic and interface components as text-based files. These files included embedded code for assembling functional parts of the website such as the video player directly on the device. Once assembled, the video player provided a graphical user interface (GUI) that allowed the user to interact with the video content. This interface included user input controls for the video content such as play, pause, and other playback options, which were interpreted and handled locally on the device. *See* Exhibit A.

24.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

25.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,398,298

26.     Plaintiff re-alleges and incorporates by reference each of paragraphs 1-15 above as though fully set forth in their entirety.

27.     U.S. Patent No. 7,398,298 (the "'298 patent") was issued on July 8, 2008 after full and fair examination by the USPTO of Application No. 11/690,803 which was filed on March 23, 2007. The '298 patent is titled "Remote Access And Retrieval Of Electronic Files." *See* '298 patent at p. 1.

28.     DataCloud owns all substantial rights, interest, and title in and to the '298 Patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and

to collect damages for all relevant times.

29.    DataCloud or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '298 Patent.

30.    The written description of the '298 Patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

31.    The claims of the '298 Patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include components that improve the retrieval and transmission of data from and/or to a remote server.

32.    Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '298 Patent, either literally or under the doctrine of equivalents, because it shipped, distributed, made, used, imported, offered for sale, sold, and/or advertised the products and services described below in a way that infringes.

33.    For instance, Defendant performed at least claim 13 of the '298 patent by performing a method for providing remote data directory structure management across at least one communications network comprising: receiving at least one request by a computing application operating on a computer server over the communications network for remote management control of data directory structures from participating users offered through a computing device coupled to the communications network; processing the request to provide the remote management control over the data directory structures by providing data directory structure information if deemed

accessible from data stored in a profile store relating to the data and data directory structures accessible to each of the participating users, the profile data store being queried for the data directory structures accessible to each of the participating users, wherein a single directory structure from among a plurality of the data directory structures associated with the profile data store is selected by each of the participating users for modification; delivering desired data and the remote management control over the desired data to identified delivery targets by the computing application over the communications network; generating at least one notification of the delivery of the desired data to the identified delivery targets upon the delivery of the desired data to the identified delivery targets; determining if user requested data is accessible based on the information in the profile data store; and delivering the user requested data and sending a confirmation of the delivery. *See* **Exhibit B**.

34.     Based upon public information, Skydio Cloud  platform is an end-to-end enterprise solution for pre-production validation.  Skydio Cloud platform allowed customers with security devices to have fine-grained role-based access control, combined with its group and fleet filters that allowed each customer to see only the data and reports of interest to them.  Skydio Cloud stored data on servers located in the US to provide robust user management features to control organizational access levels, ensuring the right people see the right data.  Users were grouped into access levels, with customizable permissions.  Only an Organization Admin could manage accounts, assign access levels, and restrict content and features.  *See* Exhibit B.

35.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

36.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot

be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

COUNT III: <u>INFRINGEMENT OF U.S. PATENT NO. 8,607,139</u>

37.    Plaintiff re-alleges and incorporates by reference each of paragraphs 1-15 above as though fully set forth in their entirety.

38.    U.S. Patent No. 8,607,139 (the "'139 patent") was issued on December 10, 2013 after full and fair examination by the USPTO of Application No. 10/834,595 which was filed on April 29, 2004.  The '139 patent is entitled "System and process for managing content organized in a tag-delimited template using metadata."  *See* '139 patent at p. 1.  A Certificate of Correction was issued on June 24, 2014.  *See id.*, at p. 23.

39.    DataCloud owns all substantial rights, interest, and title in and to the '139 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

40.    DataCloud or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '139 patent.

41.    The written description of the '139 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

42.    The claims of the '139 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include components that improve systems and processes for managing content organized in a tag-delimited

template using metadata.

43. Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '139 patent, either literally or under the doctrine of equivalents, because it shipped, distributed, made, used, imported, offered for sale, sold, and/or advertised the products and services described below in a way that infringes.

44. For instance, Defendant performed at least claim 8 of the '139 patent by performing a method displaying a graphical interface based on a metadata template that has an object that represents a structure and an appearance of a web page wherein the object is based on a class (*e.g.,* a template where you can add/edit) stored in a base template, and wherein the graphical interface comprises an input field corresponding to the object and defining an input property of a data entry field and generating a data entry form comprising the data entry field wherein the data entry field is configured to accept input corresponding to content of the object and a web page generator configured to generate the web page based on the metadata template wherein the web page comprises the content represented by the input. *See* **Exhibit C**.

45. Based upon public information, the Skydio website infrastructure (https://www.pages.skydio.com/Contact.html) performed the recited method and step using Marketo Forms framework for responding, for example, to the Skydio "contact" form object. The form for entering customer information was configured with input fields that accept inputs from the user. The structure and appearance of the web page were determined by the object of the website. Multiple data entry fields were included in the form, each configured to receive inputs as defined by the object in the template. These data entry fields were assigned classes that were stored in a base template to handle user input. *See* Exhibit C.

46. Defendant's aforesaid activities have been without authority and/or license from

Plaintiff.

47.    Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

48.    Plaintiff demands a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

49.    Plaintiff respectfully requests the following relief:

A.    An adjudication that one or more claims of each of the Asserted Patents has been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

B.    An award of damages to be paid by Defendant adequate to compensate Plaintiff Defendant's past infringement, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

C.    Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

D.    That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

E.    Any further relief that this Court deems just and proper.

//

Dated: <u>March 16, 2026</u>

Respectfully submitted,

**STAMOULIS & WEINBLATT LLC**

<u>/s/  Stamatios Stamoulis</u>

Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080
800 N. West Street. Third Floor
Wilmington, Delaware 19801
Telephone: (302) 999-1540
Email: stamoulis@swdelaw.com
Email: weinblatt@swdelaw.com

James F. McDonough, III (GA 117088)*
Jonathan R. Miller (GA 507179)*
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866, -1863
Email: jim@rhmtrial.com
Email: miller@rhmtrial.com

**Attorneys for *Plaintiff DATACLOUD TECHNOLOGIES, LLC***

* admission *pro hac vice* anticipated

**EXHIBITS**

A.  Evidence of Use for U.S. Patent No. 7,246,351
B.  Evidence of Use for U.S. Patent No. 7,398,298
C.  Evidence of Use for U.S. Patent No. 8,607,139

**ATTACHMENTS**

- Civil Cover Sheet

---

**COMPLAINT FOR PATENT INFRINGEMENT**
D. Del. — Page |11